UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| CATHERINE AVANTS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PROSPECT MORTGAGE, LLC, ) <br> ) <br> Defendant. ) <br> ) <br> ) <br> ) | Case No.: <br><br><br><br> COMPLAINT |

## PRELIMINARY STATEMENT

1. This is an action brought by Plaintiff Catherine Avants ("Plaintiff"). Plaintiff was employed by Defendant Prospect Mortgage, LLC ("Defendant"), as a "Loan Officer," and was denied overtime compensation as required by federal wage and hour laws.

## PARTIES AND PROCEDURAL BACKGROUND

2. Plaintiff Catherine Avants is an adult resident of Riverside, California. Plaintiff worked for Defendant in an office in the Albuquerque, New Mexico area from approximately November 2009 through May 2012.

3. Upon information and belief, Defendant is a California corporation doing business in and maintaining offices in several states throughout the United States, including New Mexico. According to the its website, Defendant is one of the largest independent residential retail lenders in the United States, and offers mortgage products such as FHA, VA, conventional, jumbo, and super jumbo loans. Defendant formerly did business under the name Metrocities Mortgage.

4. On October 18, 2010, Elizabeth Sliger, Carol Dion and Scott Avila, on behalf of themselves and all others similarly situated, filed a lawsuit against Defendant in the United States District Court for the Eastern District of California to recover overtime pay, minimum wages, and other relief. (Hereafter referred to as "Sliger" or "the Sliger matter.") On August 24, 2011, Judge Lawrence K. Karlton granted, in part, the Sliger plaintiffs' motion for FLSA conditional certification and authorized the Sliger plaintiffs to mail a notice of the lawsuit to all loan officers employed by Defendant between October 18, 2007 and August 24, 2011 who were paid on a commission-only basis. (See Sliger v. Prospect Mortgage, LLC, No. CIV. S-11-465 LKK/EFB, 2011 WL 3747947 (E.D. Cal. Aug. 24, 2011).)

5. Plaintiff opted-in to the Sliger matter on November 30, 2011. (See Ex. A.)

6. By stipulation of the parties, the Court decertified the Sliger matter on January 23, 2013. (Ex. B.) The stipulation permits "individual opt-in plaintiffs, who so choose, [to] pursue their individual claims in other forums." (Id.) In addition, the stipulation states that, the claims of all opt-in plaintiffs, including the claims of Plaintiff, are tolled from the time they opted-in to the Sliger matter until April 23, 2013. (Id.)

7. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and California Unfair Competition Law ("UCL"). Plaintiff worked for Defendant as a loan officer during the relevant statutory periods. During the relevant statutory periods, Plaintiff regularly worked over forty hours per week without overtime compensation. Plaintiff seeks relief for Defendant's failure to pay overtime compensation under federal law.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this case is being brought under a federal statute, the FLSA, 29 U.S.C. §§ 201 *et seq.*

9. Venue is proper in the United States District Court of New Mexico pursuant to 28 U.S.C. § 1391 because Defendant operates in this district, and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTUAL ALLEGATIONS

10. Defendant employed Plaintiff as a loan officer.

11. Defendant classified Plaintiff as "exempt" from the overtime pay requirements of the FLSA.

12. Plaintiff is informed, believe, and thereon alleges that Defendant's gross annual sales made or business done is $500,000.00 or greater. Defendant operates in interstate commerce by, among other things, selling mortgage loan products in multiple states.

13. Defendant paid Plaintiff on a commission-only basis.

14. Plaintiff routinely worked in excess of forty hours per week for Defendant.

15. Defendant suffered and permitted Plaintiff to work more than forty hours per week without overtime compensation.

16. Defendant is in the business of selling mortgages. Plaintiff's work is and was directly related to mortgage sales.

17. Defendant did not keep accurate records of the Plaintiff's hours worked. Defendant never instructed Plaintiff to keep records of her hours worked.

18. Defendant's unlawful conduct has been widespread, repeated and consistent.

19. Defendant is aware of wage and hour laws, as evidenced by the fact that it provides overtime compensation to other employees who are not loan officers. Moreover, it is common industry knowledge that courts and the United States Department of Labor have found loan officers to be non-exempt.

20. Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and caused significant damages to Plaintiff.

## COUNT I

## FAIR LABOR STANDARDS ACT – OVERTIME PAY

21. Plaintiff alleges and incorporates the above paragraphs by reference as if fully set forth herein.

22. At all times relevant herein, Defendant has been, and continues to be, an "employer," and Plaintiff has been, or continues to be, an "employee" within the meaning of 29 U.S.C. §§ 203(d) and (e).

23. The FLSA requires covered employers, such as Defendant, to compensate all non-exempt employees at a rate not less than one and one-half times their regular rate of pay for work performed in excess of forty hours per week. 29 U.S.C. § 207. As such, Plaintiff is entitled to overtime compensation at one and one-half times her regular rate of pay for work performed in excess of forty hours per week.

24. By failing to compensate Plaintiff with overtime compensation for her overtime hours worked, Defendant has violated, and continues to violate the FLSA.

25. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

26. Plaintiff seeks damages in the amount of Plaintiff's unpaid overtime wages, an equal amount as liquidated damages, interest, all costs and attorneys' fees incurred in prosecuting this claim, all other relief available under the FLSA, and all other such legal and equitable relief as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A. Judgment that Plaintiff is a non-exempt employee entitled to protection under the FLSA;

B. Judgment against Defendant for violations of the overtime provisions of the FLSA;

C. Judgment that Defendant's violations as described above were willful;

D. An award in an amount equal to Plaintiff's unpaid overtime wages at the applicable rates, liquidated damages, and interest thereon, subject to proof in Court;

E. An award of prejudgment interest to the extent liquidated damages are not awarded;

F. An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216;

G. Leave to amend to bring additional claims, including but not limited to (i) claims for unpaid minimum wages under the FLSA; and (ii) claims for unpaid overtime and minimum wages under state law;

H. For such other and further relief, in law or equity, as the Court may deem appropriate and just.

Respectfully submitted,

*E-filed 4.23.13 by Christopher M. Moody*
MOODY & WARNER, P.C.
Christopher M. Moody
4169 Montgomery Blvd NE
Albuquerque, NM 87109
Telephone: (505) 944-0033
Facsimile: (505) 944-0034
moody@nmlaborlaw.com

5

and

NICHOLS KASTER, LLP
Matthew C. Helland, CA Bar No. 250451
(pro hac vice application forthcoming)
helland@nka.com
One Embarcadero Center, Suite 720
San Francisco, CA 94111
Telephone: (415) 277-7235
Fax: (415) 277-7238

ATTORNEYS FOR PLAINTIFF