IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


CATHERINE AVANTS,

    Plaintiff,

V.                                                  Case No. 13cv0376 WJ/KBM

PROSPECT MORTGAGE, LLC,

    Defendant.


### MEMORANDUM OPINION AND ORDER
### GRANTING DEFENDANT'S MOTION TO STAY

**THIS MATTER** comes before the Court upon Defendant's Motion to Stay Pending Decision on Motion to Transfer, filed September 5, 2013 **(Doc. No. 27)**.  Having considered the parties' briefs and the applicable law, the Court finds that Defendant's motion is well-taken and, therefore, is GRANTED.

### Background

This matter is an employment dispute concerning whether Defendant violated the overtime and minimum wage requirements set forth by the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") by classifying Plaintiff as an exempt employee.  Plaintiff in this case was an opt-in plaintiff in a collective action in the Eastern District of California, <u>Sliger, et al. v. Prospect Mortgage, LLC, et al.</u>, Case No. 2:11-CV-00465 (E.D. Cal.) ("<u>Sliger</u> action").  The <u>Sliger</u> action was a conditionally certified collective action that was subsequently decertified via stipulation in January 2013.  As a result, hundreds of individuals who had consented to join that prior action were no longer party plaintiffs to that action, and were free to pursue their own claims in federal court.  Plaintiff here, along with 242 other opt-in plaintiffs, filed 37 separate

federal court cases in different district courts throughout the country within a span of seven days in April 2013.

The activity conducted in this matter thus far includes: 1) Scheduling Order (**Doc. No. 25**); 2) Plaintiff's service of one set of written discovery requests upon Defendant on August 21, 2013; and 3) Plaintiff's Motion to Strike Defendant's Jury Demand (**Doc. No. 16**). On August 16, 2013, Defendant filed a Motion for Transfer of Actions Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings before the United States Judicial Panel on Multidistrict Litigation ("JPML") (In re: Prospect Mortgage, LLC Fair Labor Standards Act (FLSA) and Wage and Hour Litigation, MDL No. 2486) ("MDL Motion"). The MDL Motion seeks to have this matter, as well as 36 other similar matters filed in different district courts across the country, transferred to the Northern District of Illinois for coordinated or consolidated pretrial proceedings. Defendant states it anticipates the MDL Motion will be decided in early 2014.[1]

**Discussion**

**I.     Legal Standard**

"A district court may in its discretion stay proceedings before it pending resolution of a motion brought pursuant to 28 U.S.C § 1407, as the power to stay 'is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" Pace v. Merck & Co., Inc., CIV 04-1356MCA/ACT, *1 2005 WL 6125457 (D.N.M. Jan. 10, 2005) (quoting Landis v. North American Co., 299 U.S. 248, 254 (1936)). A district court's decision to grant or deny a motion to stay proceedings is reviewed for abuse of discretion. Creative Consumer Concepts, Inc. v. Kreisler, 563 F.3d 1070, 1080 (10th Cir. 2009). When deciding a motion to stay, "a district court

---

[1]   Plaintiff does not dispute this estimate.

2

should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." Pace, *1.

JPML Rule 2.1(d) provides that "[t]he pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court." See also Asmann v. Dairy Farmers of Am., Inc., CIV.A. 12-1060-KHV, *2  2012 WL 1136865 (D. Kan. Apr. 4, 2012) ("A case is not automatically stayed merely because a party has moved the JPML for transfer and consolidation."). However, courts "frequently grant stays when an MDL decision is pending, particularly when the plaintiff would not be prejudiced by a slight delay." Noland v. Enter. Holdings Inc., No. 10–2140–JWL, 2010 WL 2555122, at *1 (D. Kan. June 22, 2010).

**II.     The Factors to be Considered When Deciding a Motion to Stay Weigh in Favor of Granting Defendant's Request for a Stay**

This Court will not conduct an exhaustive review of the parties' citations to other courts' decisions in the similar matters; suffice it to say, some courts have granted a similar motion to stay pending the resolution of the MDL Motion while other courts have denied Defendant's motion to stay.  Additionally, this Court finds Defendant's argument that Plaintiff has conceded a stay is appropriate in this matter because Plaintiff agreed to a stay in one of the related cases unpersuasive.  The Court agrees with Plaintiff that her decision to agree to a stay in the related matter was based upon considerations unique to that case and cannot be used against her in this case.

    **A.     Potential Prejudice to Plaintiff**

Plaintiff argues that she has already been unfairly delayed in presenting her case.

Further, she argues that additional delay will continue to prejudice her because it is possible that evidence will be lost and witnesses' memories will fade. Plaintiff also argues that she will be prejudiced because parties have already begun to litigate this case. As noted above, there has not been a significant amount of activity in this matter so far as the case is in the early stages. The Court, therefore, does not find Plaintiff's argument that she will be prejudiced by a slight (four to six month) delay at this early stage in the proceedings.

### B.     Potential Prejudice to Defendant

Plaintiff argues that there is no prejudice to Defendant, because regardless of the resolution of the MDL Motion, Defendant will have to engage in individualized discovery regarding this particular case. Plaintiff asserts that even if Defendant does suffer prejudice, it is its own fault because it stipulated to the decertification of the Sliger action. Defendant argues it would be prejudiced by being forced to conduct duplicative and costly discovery and motion practice in multiple courts with a possibility of being subject to inconsistent rulings if a stay is not entered. Defendant argues it makes sense to allow the JPML to coordinate discovery and motion practice in all of the cases instead of forcing Defendant to litigate the similar actions completely independent of one another.

The instant case shares a number of common facts with the related cases. Although some individualized discovery regarding this matter will be necessary regardless of whether the JPML takes the case, the JPML can help to coordinate discovery that applies in each of the similar cases. If a stay is not entered, Defendant will likely be forced to repeat a large amount of discovery and motion practice in each of the separate cases. Other courts have found that threat of duplicative motions practice and discovery amounts to a large amount of potential prejudice warranting a stay of proceedings. See Franklin v. Merck & Co., Inc., No.    06-CV-

4

02164WYDBNB, 2007 WL 188264 (D. Colo. Jan. 24, 2007) (granting Defendant's motion to stay pending decision on motion to transfer and noting, "[i]n addition, while Plaintiff will may suffer some prejudicial delay resulting from a stay, I find that the potential prejudice to [Defendant] in terms of duplicative motions practice and discovery to be far greater.").

### C.     Conservation of Judicial Resources

Plaintiff argues that because this matter will ultimately litigated before this Court, it will not save judicial resources to stay this matter.  Discovery in this matter will be coordinated by the JPML if Defendant's Motion is granted.  Accordingly, any deadlines set by this Court would be vacated if the JPML takes the case.  The Court will not expend its resources on efforts that may later be changed by the JPML.  Other courts have found that judicial resources would be better served by granting a stay pending the JPML's decision.  See Thomas-Walsh v. Merck & Co., Inc., No. 11-CV-02736-WJM-KMT, 2012 WL 75291 (D. Colo. Jan. 10, 2012) ("The court finds that granting the stay [pending the decision on the motion to transfer to the MDL] will promote judicial economy and efficiency"); Mirabile v. Blue Cross & Blue Shield of Kansas City, Inc., 05-2223-KHV-DJW, 2005 WL 1593661 (D. Kan. July 7, 2005) ("The Court is persuaded that a stay [pending the JPML's decision] under the circumstances presented here will serve the interests of justice, promote judicial economy, and prevent the parties from incurring unnecessary litigation costs in the meantime.")

This Court finds that the interests of judicial economy weigh in favor of granting the stay.  Further this Court finds that the potential prejudice to Plaintiff if the stay is granted is outweighed by the prejudice to Defendant is if the stay is not granted.

**THEREFORE, IT IS ORDERED**, that Defendant's Motion to Stay Pending Decision on Motion to Transfer **(Doc. No. 27)** is **GRANTED** and all activity in this matter is stayed

pending the resolution of Defendant's Motion to Transfer.

_____
UNITED STATES DISTRICT JUDGE