IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CATHERINE AVANTS,

    Plaintiff,

V.                                                                     Case No. 13cv0376    WJ/KBM

PROSPECT MORTGAGE, LLC

    Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION TO STRIKE JURY DEMAND**

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Strike Jury Demand filed August 13, 2013 **(Doc. No. 16)**. Having considered the parties' briefs and the applicable law, the Court finds that Plaintiff's motion is well-taken and, therefore, is GRANTED[1].

## Background

This matter arises out of a dispute regarding overtime pay and minimum wages. There have been a number of related cases brought by Defendant's employees across the country, including a previous class action lawsuit (discussed further below). See **(Doc. No. 36)**, Order Denying Transfer to Multidistrict Litigation Panel. Plaintiff moves to strike Defendant's Jury Demand **(Doc. No. 10)**, filed July 23, 2013 on the basis that the parties contracted to have any

---

[1] After briefing on this matter was complete, two different courts ruled on nearly identical motions brought by plaintiffs in related cases against Defendant to strike Defendant's jury demand. See Barker v. Prospect Mortgage, LLC, CV-13-00822-PHX-SRB, 2013 WL 5314710 (D. Ariz. Sept. 23, 2013) (granting Plaintiff's Motion to Strike Jury Demand based upon the same arguments presented in the instant case); Allaway v. Prospect Mortgage, 13 C 3004, 2013 WL 6231382 (N.D. Ill. Nov. 26, 2013) (same). The Court has no doubt that these cases would have been referenced in the briefing had they been issued before briefing was complete. While these decisions are not binding upon the Court, the Court finds both decision quite persuasive based upon the similarities of the facts and arguments presented. Additionally, to the extent that these decisions were based upon the substantive law of other circuits, the Court finds the law in the Tenth Circuit to be substantially the same. Accordingly, the Court was persuaded by the reasoning of these opinions when reaching its decision.

employment disputes between them resolved by a judge, rather than a jury.  Defendant argues that Plaintiff's Motion should be denied for two reasons: 1) Plaintiff waived her right to enforce the Jury Waiver Agreement by requesting a jury in a related case and 2) even if the contractual provisions of the jury waiver agreement were not waived, the contract does not bar Defendant from demanding a jury trial in this case.

**Discussion**

**I.     Legal Standard**

Federal Rule of Civil Procedure 12(f) permits the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P.  However, motions to strike are generally disfavored.  See Friends of Santa Fe County v. LAC Minerals, Inc., 892 F.Supp. 1333, 1343 (D.N.M. 1995) (citations omitted).  The decision to strike a pleading rests within the sound discretion of the district court.  Hayne v. Green Ford Sales, Inc., 263 F.R.D. 647, 650 (D. Kan. 2009).  Rule 12(f) is intended to minimize delay, prejudice and confusion by narrowing the issues for discovery and trial.  Id., 263 F.R.D. at 648-49.

"The right of trial by jury as declared by the Seventh Amendment to the Constitution--or as provided by a federal statute--is preserved to the parties inviolate." Fed. R. Civ. P. 38.  The right to a jury trial in the federal courts is governed by federal law.  Telum, Inc. v. E.F. Hutton Credit Corp., 859 F.2d 835, 837 (10th Cir. 1988) (citing Simler v. Conner, 372 U.S. 221, 221-22 (1963) (per curiam)).  Parties may contract to waive their right to a jury trial.  See id.  Agreements waiving the right to trial by jury are neither illegal nor contrary to public policy.  McCarthy v. Wynne, 126 F.2d 620, 623 (10th Cir. 1942), cert. denied, 317 U.S. 640 (1942); see also Telum, 859 F.2d at 837.  Jury waiver provisions are enforceable if they are knowing and voluntary.  Hulsey v. West, 966 F.2d 579, 581 (10th Cir. 1992).  The Tenth Circuit has not yet

determined which party bears the burden of proving the enforceability of a jury waiver provision. See id. (acknowledging the split between the circuits regarding whether the person seeking to enforce the waiver must prove it is knowing and voluntary or whether the person seeking to avoid the obligation of the waiver must prove it was not knowing and voluntary but declining to address the issue because it was not necessary to resolve the matter before the Tenth Circuit).

## II.   Plaintiff did not Waive her Right to Enforce the Jury Waiver Agreement by Participating in the Sliger litigation.

As noted previously, there have been numerous cases involving Defendant's alleged violations of the Fair Labor Standards Act. One such case was filed in the Eastern District of California, the matter of Sliger, et al. v. Prospect Mortgage, LLC, et al., Case No. 2:11-CV-00465 (E.D. Cal.) ("Sliger litigation"). The Sliger class representatives brought claims under the Fair Labor Standards Act ("FLSA") for failure to pay overtime and minimum wages on behalf of a collective group defined as all persons who were employed by Defendant in the United States as "loan officers" or similar titles within three years prior to the filing of the action. The Complaint in the Sliger litigation specifically requested a jury trial, and Defendant did not contest the request for a jury trial. Plaintiff in this matter was an "opt-in" plaintiff in the Sliger litigation which meant that she affirmatively had to sign a consent form to be a part of the litigation.

The parties agree that to the extent that the Jury Waiver Agreement was valid, it should be construed as a contract between the parties subject to the general contract defenses such as waiver. Defendant argues that Plaintiff impliedly waived her right to enforce the contract by becoming an opt-in plaintiff in the Sliger litigation. "Waiver is the voluntary relinquishment or surrender of some known right." Yates v. Am. Republics Corp., 163 F.2d 178, 179-80 (10th Cir. 1947). "Waiver is of two kinds, express and implied. And to constitute implied waiver,

there must be unequivocal and decisive acts or conduct of the party clearly evincing an intent to waive." Id., 163 F.2d 180.

The Court holds that Plaintiff's involvement in the Sliger litigation did not "unequivocal[ly] evince[e] an intent to waive" the Jury Waiver Agreement. See id. The Court finds several facts especially convincing: 1) Plaintiff had no part in drafting the Sliger Complaint and thus, played no role in the decision to request a jury; 2) by "opting in" Plaintiff was not guaranteed a right to participate in the Sliger litigation because her participation was subject to a judicial determination of whether she was "similarly situated"; and 3) Plaintiff was ultimately unable to participate in the Sliger litigation and therefore, filed this instant lawsuit. These facts show that Plaintiff did not voluntarily act in a way that clearly demonstrated her intent to repudiate the Jury Waiver Agreement. Also telling is the fact that when Plaintiff filed her own case in which she was in control, she did not request a jury which was consistent with the Jury Waiver Agreement. The Court's analysis is consistent with the holdings of the other two courts faced with this exact issue. Allaway, *1 (holding that there was no implied waiver and stating "[s]tanding alone, the Plaintiffs' opt-ins are not sufficient. Prospect does not claim that any of the Plaintiffs were class representatives or otherwise actively involved in the collective action."); Barker, *2 (granting Plaintiff's Motion to Strike Jury Demand where Prospect raised a similar argument of implied waiver by participating in the Sliger litigation). Accordingly, the Court finds that Plaintiff did not act inconsistently with the terms of the Jury Waiver Agreement. Therefore, she has not waived her right to enforce the Jury Waiver Agreement.

**III.    The Jury Waiver Agreement Bars Defendant From Demanding a Jury**

Since the Court has determined that Plaintiff has not waived her rights under the Jury Waiver Agreement, it must now determine whether the Jury Waiver Agreement bars Defendant's

Jury Demand in this case.  As a preliminary matter, Defendant raises several evidentiary issues with the Jury Waiver Agreement.  The Court finds these arguments unavailing.  Defendant asserts that Plaintiff has not properly authenticated the Jury Wavier Agreement.  Rule 901(a) provides that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."   Authenticity may be established by "[t]estimony of a witness with knowledge ... that a matter is what it is claimed to be."  Fortier v. Dona Anna Plaza Partners, 747 F.2d 1324, 1332 (10th Cir. 1984) (citing Fed.R.Evid. 901(b)(1)).  Plaintiff has demonstrated that the Jury Waiver Agreement was produced during discovery in the Sliger litigation as part of a "new hire packet" provided to Defendant's employees.  Plaintiff's counsel submitted a declaration affirming that this is indeed the document produced in discovery.  Additionally, the Jury Waiver Agreement itself bears Plaintiff's signature and the cover sheet for the packet is printed on what appears to be Defendant's letterhead.  The Court is not persuaded by Defendant's arguments that it should not consider documents provided by Defendant during discovery.  Notably, Defendant does not claim that this document is not what Plaintiff claims it to be or that is falsified in some way.  Defendant simply argues that Plaintiff has not *proven* what it is.  Allaway, *2 ("Here, Prospect does not challenge the authenticity of the documents themselves. Accordingly, this Court may consider the jury waiver agreements in ruling on the Plaintiffs' motion.").  "Moreover, th[e] Court questions whether [Defendant] could have challenged the documents' authenticity given their source—[Defendant's] own personnel files." Id.  Accordingly, this Court finds that this Jury Waiver Agreement is properly authenticated as a document provided to Defendant's new employees signed by Plaintiff.

Defendant also argues that it was not a party to the Jury Waiver Agreement because the Jury Waiver Agreement itself refers to Metrocities Mortgage.  Defendant fails to include the

5

remainder of the reference to "the Company" in the Jury Waiver Agreement which in its entirety states, "Metrocities Mortgage, LLC, a Prospect Mortgage Company, its affiliates, subsidiaries, divisions, successors, assigns, purchasers, and the current, former, and future employees, shareholders, officers directors and agents thereof "the Company." See **(Doc. No. 16-3)**, Jury Waiver Agreement attached to Plaintiff's Motion. This broad language as well as the specific reference to Defendant clearly indicates that Defendant itself was a party to this contract.

Finally, Defendant argues that the Jury Waiver Agreement, to the extent it does apply to Defendant, does not bar it from demanding a jury trial because the agreement was unilateral. This argument lacks merit, because the clear intent of both parties to the contract was that a judge, not a jury, would decide any employment dispute between the parties to the contract. See id. ("this policy [] says that if you file a lawsuit, a judge will decide if we acted correctly or incorrectly"); see also Allaway, *2 ("Even if unilateral, the contract Prospect entered with each Plaintiff plainly states that if the Plaintiff files a lawsuit, then a judge and not a jury will hear that lawsuit. [] Prospect cannot unilaterally modify those agreements by demanding a jury trial now.") (citation omitted); Barker, *2 (The Court rejects Defendant's [argument that it is not bound by the contract] because the language of the Jury Waiver Agreement clearly evidences the intention that all disputes between these parties would be resolved by a judge and not simply that the person signing the agreement would waive the right to a jury trial. (*See* Jury Waiver Agreement ("[W]e believe that our nation's judges ... are in the best position to resolve our workplace disputes.")).

Finally, having determined the Jury Waiver Agreement itself is admissible and applies to Defendant, the Court reaches the question of whether the waiver was knowing and voluntary. Here, Defendant "drafted the jury waiver agreement and imposed it on the Plaintiff[] as a condition of employment." See Allaway, *2. Defendant "held all the cards" so to speak

6

regarding whether disputes would be presented to a jury or a judge, because it was the one who conditioned employment on agreeing to a bench trial to settle any employment disputes. Thus, the waiver of the right to a jury trial was demonstrably voluntary. As discussed above, the Jury Wavier Agreement language unambiguously indicates that it was Defendant's intention and desire that the "nation's judges" resolve any employment dispute. Additionally, the Jury Waiver Agreement itself states it is a waiver of the "right to a jury trial." This indicates that Defendant knew a right to a jury trial existed and could be exercised unless it was waived. The contract language, coupled with Defendant's relative position of power and sophistication at the time of the signing, demonstrates that Defendant's waiver of its right to a jury trial was knowing and voluntary. See Barker, *2 ("The Court finds that the parties knowingly and voluntarily waived their rights to a jury trial in this case."); Allaway, *2 ("Pursuant to the jury waiver agreements, this Court will decide the parties' differences."). Therefore, Plaintiff's Motion to Strike is granted, Defendant's Jury Demand is struck, and this matter shall proceed to trial before the undersigned judge and not before a jury.

**THEREFORE, IT IS ORDERED**, that Plaintiff's Motion to Strike Jury Demand **(Doc. No. 16)** is **GRANTED** and Defendant's Jury Demand **(Doc. No. 10)** is hereby stricken from the Record.

_____
UNITED STATES DISTRICT JUDGE